ELIJAH McLERAN v. HENRY STEVENS.

In an action brought to recover the price of property sold, the fact that the defendant purchased the property of the plaintiff will, without some explanation that is very conclusive and satisfactory, estop him from setting up a claim to such property in himself at the time of such sale to him, to defeat the plaintiff's action.

Standing trees sold, to be cut down and taken away by the purchaser, and which are severed and removed by him, may be charged on book by the vendor, and recovered for in an action on book account.

BOOK ACCOUNT.   The defendant, at the hearing before the auditor, objected to several items of the plaintiff's account, but finally abandoned all but two questions raised by him.

The first item objected to (No. 28,) was for 18168 feet of timber, in reference to which the auditor reported as follows ;—In 1823 the plaintiff and one Woods, were lessees in common of two lots of land in Barnet, with the right to cut the timber standing thereon.   In the fall of that year the defendant purchased Woods' interest in the lease, and let out to one Hall a job of cutting timber on said land,

and drawing the same to the river; and Hall went on to perform said job without consulting the plaintiff. Some difficulty having arisen between the parties as to their respective rights, they entered into an arrangement, by which, among other things, the plaintiff was to take the job which the defendant had let to Hall and pay the defendant what he had advanced to Hall, and to have the timber which Hall had drawn. Afterwards the defendant purchased of the plaintiff, and took away, of the timber so drawn by Hall, 18168 feet, which was the item charged by the plaintiff.

The other item, (No. 50,) to which the defendant objected, was a charge for seventy pine trees, which the auditor found the defendant cut upon the plaintiff's land, by his permission, and carried away. The defendant objected to the allowance of both these items by the auditor, upon the ground that they could not legally be charged on book, and recovered in this form of action.

The auditor reported, that, if the plaintiff was entitled to recover for these items, he found a balance due to the plaintiff of $241,01. The county court accepted the report of the auditor and rendered judgment for the plaintiff for said sum of $241,01; to which the defendant excepted.

*Bartlett* and *Fletcher* for defendant.

———— ———— for plaintiff.

The opinion of the court was delivered by

HEBARD, J. Two objections are urged by the defendant against the plaintiff's right of recovery. The first is that the plaintiff has charged for a quantity of timber sold to the defendant,—item No. 28. The other is a charge for 70 pine trees,—item No. 50.

The objection to item No. 28 is based upon the assumed fact, that the plaintiff did not himself own the property for which he claims pay. By the report, it would seem that the objection to a recovery for this item was based upon the ground that the article was not a subject of book charge. But this objection is not urged here. In relation to the ownership, the auditor has found that fact. The auditor has found, that, by an arrangement between the parties, this timber was to be the property of the plaintiff, and that

78

defendant afterwards treated it as the plaintiff's property.  His purchasing the timber of the plaintiff, without some explanation that is very conclusive and satisfactory, would estop him from setting up a claim in himself to defeat the plaintiff.

In relation to the other disputed item, the objection is still urged on the ground that the pine trees are not a subject of book charge. But we think that they were proper subjects of deal to be charged on book, and recovered for in this form of action.   The trees were sold and delivered; and it is a general rule that the book action will lie when general assumpsit will lie; and it of course would not be insisted that general assumpsit would not lie for these trees. It has been held that book account will not lie for use and occupation of land; but this has no analogy to a charge for the use of land. Trees, for some purposes, while standing, are regarded as a part of the soil; but when severed, they are personal property, and do not pass with the land.   *Yale* v. *Seeley et al.*, 15 Vt. 221.   And the sale of these trees was not intended to convey any right or interest in the land.   The sale of the trees implied a license to take them away; but that license might be just as necessary, and as much implied, in the sale of any other species of property, if it should happen to be similarly located.

Judgment affirmed.